UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| COMPOSITE RESOURCES, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>COMBAT MEDICAL SYSTEMS, LLC and ALHAPOINTE,<br><br>    Defendants. | Case No. 3:17-cv-00072-FDW-DSC |
| ALPHAPOINTE,<br><br>    Plaintiff,<br><br>vs.<br><br>COMPOSITE RESOURCES, INC.,<br><br>    Defendant. | Case No. 3:17-cv-00310-FDW-DSC |

**THIS MATTER** is before the Court upon Defendant Alphapointe and Combat Medical Systems, LLC's Motion for Sanctions (Doc. No. 37), Motion for Summary Judgment (Doc. No. 42), and Plaintiff Composite Resources, Inc.'s Motion to Strike (Doc. No. 43). For the reasons stated below, the Court DENIES Defendants' Motions and DENIES as MOOT Plaintiff's Motion.

Where a party in a patent infringement action moves for summary judgment prior to a proper claim construction but determination of the motion requires the application of construed claims to the accused device, summary judgment is premature. Bayer AG. v. Biovail Corp., 279 F.3d 1340 (Fed. Cir. 2002); Dana Corp. v. Am. Axle & Mfg., Inc., 279 F.3d 1372 (Fed. Cir. 2002). Claim construction must be completed before infringement can be determined, and trial courts

have broad discretion in managing the claim construction process. Teva Pharm. USA, Inc., et al. v. Sandoz, Inc. et al., 135 S. Ct. 831 (2015); Markman v. Westview Instr., Inc., 52 F.3d 967, 976 (Fed. Cir. 1995).

In their Memorandum in Support (Doc. No. 42-1) and Reply in Support (Doc. No. 54) of Summary Judgment, Defendants' cite to excerpts from file histories of the patents-in-suit, the specifications of the patents, and a dictionary entry in what appears to be a request for the Court to engage in claim construction early—approximately six months early—and thus contrary to the Court's May 10, 2017, Patent Claim Construction Scheduling Order. (Doc. No. 30). Additionally, the parties vigorously dispute both the characterization of the claimed patents-in-suit as well as which claim terms are even at issue. (Docs. Nos. 52, 54). In the absence of stipulated constructions or evidence of the meaning of the claim terms to one of skill in the art at the time of the invention, and prior to this Court's scheduled close of claim construction discovery, claim construction briefing, and the Markman Hearing (Doc. No. 30), the Court cannot fairly decide Defendants' Summary Judgment Motion for Non-Infringement.

Even further, Plaintiff notes that "Defendants have objected to every single one of Plaintiff's discovery requests and have produced nothing." (Doc. No. 52). This Court cannot rule on Defendants' Motion where Plaintiff has not had the "opportunity to discover information essential to its opposition" *and* prior to the close of discovery. See Harrods Ltd. V. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (citations omitted); Civista Health, Inc. et al. v. Gilbane Building Comp. et al., 671 Fed. App'x 867, 868 (4th Cir. 2016) (unpublished).

Proceeding to claim construction prior to summary judgment affords the parties the discovery period necessary to narrow their disputed claim terms and contentions. Prior to claim construction, parties are likely unaware of what evidence is relevant, let alone what relevant

evidence they hope to obtain in further discovery.  Accordingly, Defendants' Motion for Summary Judgment is DENIED *without prejudice*.  Defendants are free to reassert their arguments upon completion of claim construction.

Consequently, Plaintiff's Motion to Strike the declarations Defendants filed in support of their Motion for Summary Judgment is DENIED as MOOT.

Defendants' Motion for Sanctions is also DENIED *without prejudice*.  Similar to Defendants' Motion for Summary Judgment, Defendants' Motion for Sanctions appears to require the application of construed claims to the accused device.

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 42) is DENIED *without prejudice*, Defendants' Motion for Sanctions (Doc. No. 37) is DENIED *without prejudice*, and Plaintiff's Motion to Strike (Doc. No. 43) is DENIED as MOOT.

SO ORDERED.

Signed: August 25, 2017

Frank D. Whitney
Chief United States District Judge