UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00072-FDW-DSC

| | |
|---|---|
| COMPOSITE RESOURCES, INC., )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>COMBAT MEDICAL SYSTEMS, LLC and )<br>ALHAPOINTE, )<br>)<br>    Defendants. )<br>)<br>ALPHAPOINTE, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>COMPOSITE RESOURCES, INC, )<br>)<br>    Defendant. ) | ORDER |

THIS MATTER is before the Court upon Defendant Alphapointe's Motion to Strike Improperly Filed Pleading. (Doc. No. 59). Alphapointe contends that Plaintiff Composite Resources, Inc. failed to comply with this Court's Standing Order Governing Civil Case Management and the Court's Order granting *pro hac vice* admission to William Y. Klett when it filed its Motion to Strike Defendants' Proposed Term and Claim Elements for Construction of Unasserted Claims (Doc. No. 58) and asks the Court to strike Plaintiff's Motion. The Court's Standing Order Governing Civil Case Management provides that

> Out of state counsel may apply for admission *pro hac vice* provided that out of state counsel are affiliated with a local attorney who is responsible for signing the documents filed with the Court. In so signing, local counsel shall be held accountable for the substance of such submission under Rule 11(b) of the Federal Rules of Civil Procedure.

(Misc. No. 3:07-MC-47, Doc. No. 2-5 at 2. a.); (See also Doc. No. 29 ("All counsel are advised that local counsel must sign all documents submitted to the Court and as such are accountable for the substance of such submissions under Rule 11 of the Federal Rules of Civil Procedure.") (emphasis omitted)).

Having reviewed Plaintiff's Motion, the Court finds and concludes that Plaintiff's Motion complies with the Court's Standing Order Governing Civil Case Management and the Order *pro hac vice* admission to William Y. Klett. Plaintiff's Motion is marked with the name of Plaintiff's local counsel, in addition to the names of Plaintiff's out-of-state counsel. (Doc. No. 58 at 4). By marking Plaintiff's Motion with his name, Plaintiff's local counsel has identified in writing that he has authorized Plaintiff's Motion and is, therefore, held responsible for its submission under the Federal Rule 11(b) of the Federal Rules of Civil Procedure. As a result, Alphapointe has stated no grounds for this Court to strike Plaintiff's Pleading.

Accordingly, Defendant Alphapointe's Motion to Strike Improperly Filed Pleading is DENIED. (Doc. No. 59).

IT IS SO ORDERED.

Signed: October 2, 2017

Frank D. Whitney
Chief United States District Judge