UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00072-MOC-DSC

| | | |
|---|---|---|
| **COMPOSITE RESOURCES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **ALPHAPOINTE** | ) | |
| **COMBAT MEDICAL SYSTEMS, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendants' Motion to Strike Plaintiff's Disclosure of Amended Asserted Claims and Infringement Contentions. Having considered defendants' motion and reviewed the pleadings, the court enters the following Order.

### I. Factual and Procedural Background

The facts underlying defendants' Motion are briefly summarized here to aid the process of review. Plaintiff filed a complaint of patent infringement against Defendant on February 16, 2017. Plaintiff identified two patents that were allegedly infringed by a version of the Tactical Mechanical Tourniquet ("TMT"). (Doc. No. 37). On May 23, 2018, Judge Cayer issued a Utility Patent Claim Construction Scheduling Order (Doc. No. 103) pertaining to Plaintiff's claim of patent infringement against Defendant and the arguments from both parties conducted from December 2017 to February 2018.

Within the Scheduling Order are listed dates of when each party is to submit documents pertaining to Plaintiff's infringement contentions. The Order further states, "IN ACCORDANCE WITH the Local Civil Rules of the Western District of North Carolina, the Local Patent Rules,

and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court enters the following Claim Construction Scheduling Order in this matter . . ." (Doc. No. 103). After plaintiff complied with the Order by filing its Amended Infringement Contentions on June 12, 2018, defendant filed a Motion to Strike Plaintiff's Disclosure of Amended Asserted Claims and Infringement Contentions. (Doc. No. 105). Plaintiff then filed a response on July 9, 2018, to which defendant filed a reply on July 16, 2018. This matter is now ripe for review concerning Judge Cayer's Scheduling Order and Local Patent Rules 3.1 and 3.6 contained in defendants' Motion.

## II. Standard of Review on Motions to Strike

A court may strike pleadings it considers "redundant, immaterial, impertinent, or scandalous," whether on motion by a party or of its own volition. Fed. R. Civ. P. 12(f); Franks v. Ross, 293 F.Supp.2d 599, 608 (E.D.N.C. 2003). A motion to strike should not be granted unless the content at issue "clearly can have no possible bearing on the subject matter of the litigation." Lane v. Endurance American Specialty Ins. Co., 2011 WL 1343201, at *4 (W.D.N.C. April 8, 2011). Motions to strike should "be granted infrequently." Id.; see also Godfredson v. JBC Legal Group, P.C., 387 F.Supp.2d 543, 547 (E.D.N.C.) (citing Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001)) (holding that motions to strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy). However, a relaxed standard may be used for scandalous allegations, as "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matters of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations." 5C Wright, Miller & Marcus, Federal Practice & Procedure, § 1382 (3d ed. 2004).

## III. Discussion

In defendants' Motion, they argue that plaintiff's served Amended Infringement Contentions violate Local Patent Rules ("L.P.R") 3.1 and 3.6 by attempting to add new versions of the Tactical Mechanical Tourniquet as well as a new statutory section. (Doc. No. 105). Further, it argues that L.P.R. 3.6(A)(2) allows amendment without leave for disclosures under L.P.R. 3.1 (C) and (D) only to the extent Plaintiff believes in good faith that the Claim Construction Order requires it; alleging Plaintiff did not seek amendments to sections (A) an (B). (Doc. No. 105). Defendants' final argument is that Plaintiff has failed to comply with these two rules and asks that Plaintiff's Amended Infringement Contentions be stricken for untimeliness and without leave of court.

In plaintiff's Response in Opposition to Defendants' Motion to Strike Plaintiff's Disclosure of Amended Asserted Claims and Infringement Contentions, it argues that Composite Resources, Inc. ("CRI") has served a timely update to its contentions in an effort to provide early and complete notice. (Doc. No. 108). It further argues the only clarifications made by CRI arise from defendants' legal position relating to the definition of a "body part" as related to the alleged infringement claims. (Doc. No. 108). Lastly, plaintiff states that CRI's amendments to its infringement contentions are not prejudicial and ask that the Motion be denied. (Doc. No. 108).

**A. Proper Execution of Scheduling Order from Magistrate Judge**

After the parties' arguments were completed in February 2018, Judge Cayer issued a Utility Patent Claim Construction Scheduling Order in accordance with Rule 16 of the Federal Rules of Civil Procedure. (Doc. No. 103). Defendant's first argument is that Plaintiff's Amended Infringement Contentions does not comply with Judge Cayer's Order because it allegedly violates L.P.R. 3.1 and 3.6. Rule 16 clearly states:

> (1) Scheduling Order. Except in categories of actions exempted by local rule, the district judge--or a magistrate judge when authorized by local rule--must issue a scheduling order:
> (A) after receiving the parties' report under Rule 26(f); or
> (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.
>
> (3) Contents of the Order.
> (A) Required Contents. The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.
> (i) modify the timing of disclosures under Rules 26(a) and 26(e)(1);

Fed. R. Civ. P. 16. In conjunction with this rule, Judge Cayer properly delivered the scheduling Order so plaintiff could present timely and efficient amendments in good faith to Defendants.

Additionally, a District Judge may review a Magistrate Judge's Order to recommend how each party is to proceed after an objection is made. Rule 72 of the Federal Rules of Civil Procedure specifies the rights a District Judge has when making determinations on matters such as alleged conflicts with a scheduling order.

> (b) Dispositive Motions and Prisoner Petitions
> (3) Resolving Objections. The district judge must determine de novo any part of the magistrate's judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72. Here, the court finds that Judge Cayer's Scheduling Order is proper in that, even if the order did not follow the local rules to the letter, both a Magistrate Judge and District Judge have discretion to determine what is fair and timely to both parties.

**B. Local Patent Rules 3.1 and 3.6**

Defendants' second argument is that plaintiff did not comply with L.P.R. 3.1 and 3.6 in delivering and executing its Amended Infringement Contentions by not seeking leave to file through this Court. Judge Cayer ordered Plaintiff to serve its Amended Infringement Contentions

on June 12, 2018 and Plaintiff timely filed such document to the Court on June 12, 2018. Defendants include in their Motion L.P.R. 3.1 and 3.6, and are also provided herein with relevant sections:

> **P.R. 3.1 Disclosure of Asserted Claims and Infringement Contentions**
> No later than thirty (30) days after the entry of the Court's Scheduling Order, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:
> (A) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;
> (B) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus that, when used or manufactured, allegedly results in or is made by the practice of the claimed method or process;
> (C) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;
> (D) Whether each element of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;
>
> **P.R. 3.6 Amending and Supplementing Contentions**
> (B) Leave Required. Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P.R. 3.6(A), may be made only by order of the Court, which shall be entered if application is made in a timely fashion, for good cause, and without purpose of delay or undue prejudice to another party. Non-exhaustive examples of circumstances supporting a finding of good cause can include at least the following: information newly discovered or confirmed, through due diligence,
> regarding an accused product or prior art; information discovered, confirmed, or provided by a party's consultant or expert after a party's contentions have been served; new product launches; amendments to the complaint or counterclaim adding or removing one or more asserted patents; and information learned from or positions taken by another party during the exchange of contentions process set forth in P.R. 3.1 to 3.5.

> These Patent Rules attempt to fairly and reasonably schedule the exchange of contentions in order to provide early disclosure. The Rule allowing amendments and supplementation to infringement and invalidity contentions is intended to allow enough flexibility for legitimate changes that will not cause undue prejudice while, at the same time, prohibiting gamesmanship, bad faith, or dilatory motives. Accordingly, these Patent Rules encourage the parties to devote sufficient time and attention to their initial contentions and deter parties from deferring the disclosure, development, or investigation of theories or contentions. Examples of what may constitute "good cause" are provided for the Court and the parties in order to avoid undue motions practice and other inefficiencies when leave is warranted.

L.P.R. 3.1(A-D) and 3.6(B). L.P.R. 3.1 specifically states that a party claiming patent infringement may submit any amendments to infringement contentions within thirty days after the Court's Scheduling Order. Judge Cayer issued his Scheduling Order on May 28, 2018 and Plaintiff submitted and served its Amended Infringement Contentions fifteen days afterwards on June 12, 2018, as the Scheduling Order required. For these reasons, the Court finds that Defendants' arguments in their Motion fail, as not only did Judge Cayer issue a fair Scheduling Order in relation to L.P.R. 3.1, but plaintiff timely complied with it as well by timely serving its amendments.

Further, L.P.R. 3.6 requires that leave be executed by the court in order for any "amendments to the complaint or counterclaim adding or removing one or more asserted patents," by any party. (L.P.R. 3.6). Leave of court simply means that a Judge must order a specific time for a party to serve amendments by and to the opposing party. In plaintiff's Response, it argues that CRI served its Amended Asserted Claims and Infringement Contentions on June 12, 2018, as required by the Scheduling Order, and that such amendments "consist of a single clarification in each of sections A and B, and post-claim construction updates to sections C and D." (Doc. No. 108, p. 1). As for similar reasons on L.P.R. 3.1, the Court concludes that plaintiff timely served its amendments in conjunction with the Local Patent Rules as well as Judge Cayer's Scheduling Order. The Court thus also denies defendants' Motion on this basis.

**C. Absence of Undue Prejudice**

The court also does not find any undue prejudice from plaintiff's Amended Infringement Contentions. Given that defendants did not oppose Judge Cayer's Scheduling Order regarding the set dates for any unreasonableness, unfairness, or prejudice, this Court does not believe that accepting plaintiff's amendments would harm defendants in any way. Typically, courts favor amendments that conform to evidence seen as fair without placing a burden on the opposing party.

> Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party seeks leave to amend a complaint "leave shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), mandates a liberal reading of the rule's direction for "free" allowance: motions to amend are to be granted in the absence of a "declared reason" "such as undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., futility of amendment, etc." In Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.1980), we noted that under Foman a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial.

Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987). Because there is no undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies, or undue prejudice, the Court does not see fit to strike Plaintiff's Amended Infringement Contentions. Id. Plaintiff's requested amendments to a small portion of their patent infringement claim given new evidence, and this Court further sees no reason why a timely submitted amendment should be stricken. The Court also notes defendants' previous argument in court that "such a motion [to strike] was procedurally improper and should be denied on that basis."

## IV. Conclusion

For the reasons discussed above, the Court will deny defendants' Motion to Strike Plaintiff's Disclosure of Amended Asserted Claims and Infringement Contentions, as plaintiff's

adherence to Judge Cayer's Utility Patent Claim Construction Scheduling Order is considered valid and no undue prejudice nor unfair timeliness appears to be present.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Strike Plaintiff's Disclosure of Amended Asserted Claims and Infringement Contentions (#105) is **DENIED**.

Signed: August 10, 2018

Max O. Cogburn Jr
United States District Judge