UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00072-MOC-DSC

| | | |
|---|---|---|
| **COMPOSITE RESOURCES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ALPHAPOINTE** | ) | |
| **COMBAT MEDICAL SYSTEMS, LLC ,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge recommended that this Court grant sanctions against plaintiff and advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections by plaintiff have been filed within the time allowed and defendants have timely filed a Reply.

**FINDINGS AND CONCLUSIONS**

I. **Applicable Standard**

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo*

1

review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

In his Memorandum and Recommendation, Judge Cayer determined that plaintiff disobeyed his Order (#113), which granted defendant's Motion to Compel (#104) and directed plaintiff to provide a "complete supplemental response to Defendant's Interrogatory No. 1." Order (#113). In recommending sanctions, Judge Cayer determined that the responses to Interrogatory No. 1 remained deficient, and that

> [r]ather than make a complete response, Plaintiff interposed further objections, argued the "materiality" of the Interrogatory, and provided substantive responses only in the context of those objections and arguments.

M&R (#125) at 2. Ultimately, Judge Cayer left determination of an appropriate sanction to this Court, id., with defendant suggesting that certain facts relevant to Interrogatory No. 1 be deemed admitted due to plaintiff's disobedience of Judge Cayer's Order.[1]

### A. Plaintiff's Objections to the M&R

In its Objections, plaintiff argues that it did not raise further objections, that it did

---

[1] The Court notes that this is defendant's second Motion for Sanctions, the first of which was denied by Judge Whitney. Order (#57) at 3.

2

not argue materiality, and that it provided a full and substantive response. The Court has considered each Objection and conducted a *de novo* review of record, as warranted.

### 1. Whether "Further" Objections Were Interposed

Plaintiff's first objection is to Judge Cayer's finding that it impermissibly interposed "further" objections to Interrogatory No. 1 after it was compelled to fully answer. Apparently, plaintiff contends that the objections it interposed were not "further" objections as they were the same "general objections" raised in its initial response to the interrogatory. Plaintiff further states that it did not reassert its specific objection to the interrogatory.

Considering the concise nature of Judge Cayer's Order compelling the answer (one page) and M&R (three pages), some forensic reconstruction is required to determine whether "further" objections were filed. First, the Order compelling plaintiff to answer provided, relevant to plaintiff's initial objections, as follows:

> For the reasons stated in Defendant's briefs, Plaintiff's objections to Defendant's Interrogatory No. 1 are <u>overruled</u> and the Motion is <u>granted</u>.

Order (#113) at 1 (emphasis in the original). Thus, to understand what discovery objections were overruled by the Order and the reason for that determination, the Court must now review "Defendant's briefs." In defendant's opening brief (#104-1), defendant states as follows:

> The sole issue presented to the Court in the Motion is the sufficiency of Plaintiff's response to Interrogatory No. 1. Neither the original response nor the supplemental response to Interrogatory No. 1 is responsive to the actual question posed in Interrogatory No. 1. <u>Rather, the responses rely upon invalid objections</u> and evasive answers which dodge the question.

3

Defendant's Brief (#104-1) at 2 (emphasis added). Defendant goes on to argue in its Brief that "Plaintiff asserts … meritless general and specific objections to the Interrogatory." Id. at 3. Thus, it is reasonable to conclude that Judge Cayer overruled all "Plaintiff's objections" since defendant clearly challenged as meritless both the general and specific objections to the Interrogatory. Since plaintiff lodged no appeal from that decision within the time allowed by Rule 72(a), Federal Rules of Civil Procedure (providing for objections within 14 days), such determination is not now subject to review.

Returning to plaintiff's Objection, to wit, that it did not file *further* objections as it simply reasserted its general objections, the Court has given the word "further" its ordinary meaning. As an adverb, "further" means "in addition," and as an adjective, "further" means "going or extending beyond." *Merriam-Webster's Collegiate Dictionary*, 11th Ed. (2010). Since Judge Cayer's Order compelling plaintiff to answer overruled all of plaintiff's objections as meritless, reassertion of those general objections could well be considered "further" or additional objections. Plaintiff's first Objection to the M&R is, therefore, overruled.

## 2. Whether Plaintiff Inappropriately Argued "Materiality"

Plaintiff's second Objection is to Judge Cayer's finding that it argued the materiality of the Interrogatory, which plaintiff contends that it did not do.

In its compelled answer to the Interrogatory, plaintiff did engage in an extensive discussion of what is material under patent law, citing cases in support of its argument, and then went on to argue what would be material in the context of a summary judgment determination. See Answer (#121-1) at 5 - 9. Such discussion appears to have been

4

prompted by the Interrogatory itself, as plaintiff was asked to "point to all material differences between the TMT's Slider and buckles" disclosed in the referenced figures of the identified patent. (#121-1) at 2.

While the Court would agree that it would be inappropriate to argue the "materiality" of an interrogatory as a further objection after being compelled to answer that interrogatory, it would appear, however, that plaintiff included no discussion of the "materiality" of the interrogatory itself. Rather, it included a discussion of the word "material" in the context of defining what are "material differences" between the TMT's Slider and buckles disclosed in the referenced figures of the identified patent. Thus, the discussion plaintiff provided concerning the *definition* of <u>material</u> appears to be necessary in providing defendant with an answer to its Interrogatory. The Court will, therefore, sustain the Objection, as <u>materiality</u>, as that word is commonly used, was not in fact discussed anywhere in the answer and the discussion of what was <u>material</u> was in context with and necessary in providing an answer to the Interrogatory.

### 3. Providing Substantive Responses in the Context of Objections and Arguments

Plaintiff's third Objection is to Judge Cayer's finding that it "provided substantive responses only in the context of those objections and arguments." Clearly, plaintiff should not have reasserted its general objections, without first seeking leave, when it provided its compelled answer. While plaintiff did not provide its answer in the context of a materiality objection, the concluding paragraph at page 13 of the answer appears to be a Rule 26 relevancy objection. In hindsight, this objection should not have been included, without

leave, after an Order compelling the defendant to answer was entered.  Thus, this Objection will be sustained in part and overruled in part, as the answer was improperly accompanied by reasserted general objections up front and by an inappropriate relevancy objection at the end.

    **B.**    **Sanctions**

Under Rule 37(b)(2)(A), Federal Rules of Civil Procedure, an award of sanctions is appropriate where a party fails to comply with an order compelling it to answer discovery. When exercising its discretion to impose sanctions under Rule 37, a court should consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc., 872 F.2d 88, 92 (4th Cir. 1989).

Before considering those factors, the scope of the violation must be considered.  In the context of an allegation that a party failed to heed an order compelling that party to *fully answer* an interrogatory, the first question is whether that interrogatory was in fact fully answered. Review of the compelled answer reveals that plaintiff did in fact set forth what it believed were the material differences as requested. This answer is substantial as it begins at page nine of the answer and ends on page thirteen.  (#121-1 at 9 - 13). Defendant suggests that if this answer is in fact plaintiff's full answer to the Interrogatory posed, then plaintiff has never identified any material differences between the TMT's Slider and the specific prior art buckles.

6

Clearly, the answer found between pages nine and thirteen is in fact plaintiff's answer. The Court does not share in defendant's conclusion that plaintiff failed to provide a substantive answer. Indeed, Judge Cayer found that the answer was substantive, Order (#125) at 2, and only found fault with that substantive answer being given in "the context of those objections and arguments." Id. While Judge Cayer did note that the answer was not complete, id., the Court cannot conclude at this point that the answer is incomplete. Thus, this Court concludes that the scope of the violation was not found in the substantive answer, but in reasserting the general objections up front and including a relevancy objection at the end since the time for objections had ended.

The Court is now at a point that it can consider the four <u>Mutual Federal</u> factors in determining whether imposition of a sanction is appropriate.

      **1.**     **Bad Faith**

The Court's first consideration is whether the noncomplying party acted in bad faith. While improperly reasserting objections that have already been overruled and asserting an additional objection as to relevancy after being compelled to answer is just as inappropriate in discovery as it would be in trial, there is no indicia in either the answer or the pleadings that plaintiff acted in willful defiance of Judge Cayer's Order. While there is much to be said for concise orders that incorporate underlying briefs, it took this Court two days to fully understand that the Order compelling the answer overruled all of plaintiff's objections, both general and specific, as meritless. If the task of answering the interrogatory fell into the hands of an associate with only a few years' experience, it would be very understandable how those objections could be mistakenly reasserted as simply

7

boilerplate. Thus, the Court finds no bad faith on the part of plaintiff.

### 2. Prejudice

The Court's next consideration is the amount of prejudice plaintiff's noncompliance has caused defendant, a determination which necessarily includes an inquiry into the materiality of the evidence plaintiff failed to produce. Here, plaintiff produced the evidence requested, but by including objections, plaintiff has apparently diminished defendant's confidence in those answers.

This is not this Court's first discovery dispute in a patent case. Indeed, a discovery dispute where one party seeks sanctions is the typical second act in patent litigation. Patent lawyers are wordsmiths, even more so than the typical civil litigator, and this Court understands that any qualification of an answer will give a patent lawyer ample fodder for both contemplation and motions practice. Thus, the prejudice plaintiff's misstep has caused defendant is real, but is determined to be on the lower side of discovery fouls.

### 3. Deterrence

The Court next considers the need for to deter the particular sort of non-compliance. Here, a failure to read the Order compelling the answer in conjunction with the incorporated briefs is the source of non-compliance. Thus, the desired impact of any sanction would be that counsel in this case more carefully consider court orders. The need to deter is minimal as it appears that the non-compliance was both unintentional and understandable considering the concise nature of the Order. The Court notes that all counsel in this case are experienced, respected practitioners who acquitted themselves well at the Markman hearing.

### 4. The Least Drastic Sanction

In determining a sanction, the Court must, under the revised Federal Rules of Civil Procedure, first consider the effectiveness of least drastic sanctions. Here, defendant suggests that as a sanction the Court to deem the following statements admitted due to plaintiff's non-compliance:

> (a) There are no material differences between the TMT's Slider and the buckles (i.e., reference no. 38) disclosed in U.S. Patent Application No. 11/147,806 (Pub. No.: US 2005/0273134 A1).
> (b) Neither the TMT's Slider nor the buckles (i.e., reference no. 38) disclosed in U.S. Patent Application No. 11/147,806 (Pub. No.: US 2005/0273134 A1) include "the top surface of the intermediate bar is elevated with respect to the first and second ends of the buckle."
> (c) Neither the TMT's Slider nor the buckles (i.e., reference no. 38) disclosed in U.S. Patent Application No. 11/147,806 (Pub. No.: US 2005/0273134 A1) include "first elevation transition areas between the top surface of the intermediate bar and the first end."
> (d) Neither the TMT's Slider nor the buckles (i.e., reference no. 38) disclosed in U.S. Patent Application No. 11/147,806 (Pub. No.: US 2005/0273134 A1) include "second elevation transition areas between the top surface of the intermediate bar and the second end."

Defendant argues that a fifth fact[2] should also be deemed admitted because it has "acknowledged this indisputable fact to Defendants, but argues to the contrary before the Court." This is not the least drastic sanction.[3]

The Court finds that the most appropriate and least drastic remedy is to simply strike

---

[2] To wit, that "(e) U.S. Patent Application No. 11/147,806 (Pub. No.: US 2005/0273134 A1) is prior art to U.S. Patent Application No. 11/846,382 and U.S. Patent No. 7,892,253."

[3] While this Court has done the claim construction, fact and expert discovery has not closed and the substantive issues are not yet teed up in the form of motions for summary judgment. Thus, what defendant suggests this court do now would require a finding that the substantive answer is so lacking or such an admission against interest as to support what may well be pivotal determinations of fact, all well before the close of Fact and Expert Discovery. *See* Patent Pretrial Order and Case Management Plan (#103).

the portions of the answer that are beyond the bounds of Judge Cayer's Order, to wit, the boilerplate general objections and the last paragraph arguing relevance, and such provisions are stricken.[4]

If defendant believes that the answer supports the first four proposed facts, there is nothing that prevents it from serving those four proposed facts on plaintiff in the form of requests for admission. Alternatively, defendant can later argue at the *Daubert* hearing, summary judgment, or trial that a finding as to such four facts is warranted by plaintiff's answer when considered in light of all the evidence of record. The same solution would be appropriate as to the fifth proposed fact.

As to defendant's request for attorney's fees in pursuing the motions, that request will be deferred until the conclusion of trial or resolution at summary judgment. If this case amicably resolves before the merits are determined -- the typical third act of patent litigation (resolution by parties in lieu of decision by lesser minds) -- the fees sought shall be part of the any such resolution.

## III. Conclusion

After such *de novo* review, the Court has sustained some objections and overruled others. The Court concurs in part with Judge Cayer's factual findings and in full with his legal conclusion that plaintiff's answer was improperly accompanied by objections.

Having applied the Mutual Federal factors to this error, the most appropriate and least drastic action is to strike the offending portions of the answer as outlined above. As

---

[4] This does not, however, mean that plaintiff is unable to supplement its answer as required by the Federal Civil Rules as it acquires additional information during the course of litigation. Further, such striking does not limit plaintiff's ability to interpose a relevancy argument during a *Daubert* hearing, summary judgment, or at trial.

to the request for attorneys' fees, the Court defers consideration of an award of attorneys' fees in the manner discussed above.

## ORDER

**IT IS, THEREFORE, ORDERED** that the plaintiff's Objections are sustained in part and overruled in part, and the Memorandum and Recommendation (#125) is, with those exceptions, **AFFIRMED.** The offending portions of Interrogatory No. 1 are **STRICKEN** as provided above in this Order, and the issue of attorneys' fees is deferred for consideration if this action is resolved on the merits.

**IT IS FURTHER ORDERED** that, as a matter of housekeeping, the Clerk of Court recaption docket entry (#103) as a Utility Patent Pretrial Order and Case Management Plan.

Signed: September 28, 2018

Max O. Cogburn Jr
United States District Judge