UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00072-FDW-DSC

| COMPOSITE RESOURCES, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) |  |
| COMBAT MEDICAL SYSTEMS, LLC and ALPHAPOINTE, | ) | **ORDER** |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Defendants Combat Medical Systems, LLC and Alphapointe's ("Defendants") Motion for Attorney's Fees, based on fees incurred in defending against Plaintiff's patent infringement claim in this Court. (Doc. No. 235).

I.     BACKGROUND

Plaintiff Composite Resources, Inc. ("CRI") initially filed this lawsuit on February 22, 2017, alleging that the Tactical Mechanical Tourniquet ("TMT") manufactured by Defendant Alphapointe and distributed by Defendant Combat Medical Systems, LLC infringed Claims 15 and 16 of CRI's U.S. Patent No. 7,842,067 (the "'067 Patent") and Claim 9 of CRI's U.S. Patent No. 7,892,253 (the "'253 Patent"). (Doc. No. 5). Defendants counterclaimed that the TMT did not infringe CRI's '067 or '253 Patents, and further claimed that the asserted patent claims were invalid for indefiniteness. (Doc. Nos. 26–27). On December 15, 2020, the Court entered a summary judgment order finding that the TMT did not infringe the '067 Patent. (Doc. No. 230). This order also found that the '067 Patent was not invalid. See id.

Defendants' instant motion seeks the recovery of attorneys' fees, alleging that CRI filed suit to prevent Defendants from competing; CRI had no clear infringement theory throughout the

1

litigation; Defendants exhibited to CRI that the TMT did not infringe; and CRI engaged in improper litigation tactics.

## II. DISCUSSION

Since a discretionary fee-shifting provision was added to the Patent Act in 1946, courts have "viewed the award of fees not 'as a penalty for failure to win a patent infringement suit,' but as appropriate 'only in extraordinary circumstances.'" Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 548–49 (2014) (quoting Park-In-Theaters, Inc. v. Perkins, 109 F.2d 137, 142 (9th Cir. 1951)). The Supreme Court has emphasized that fee recovery for a "prevailing party" under § 285 of the Patent Act begins and ends with a single inquiry: is the case "exceptional?" Id. at 549–51. Succinctly, "an 'exceptional' case is simply one that stands out from others with respect to the substantial strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 554. While Defendants argue many issues in their motion, none support an "exceptional case" fee award under § 285.

35 U.S.C. § 285 provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." As a result, a party must also prove that the case is exceptional to receive attorneys' fees. LendingTree, LLC v. Zillow, Inc., 54 F. Supp. 3d 444, 455 (W.D.N.C. 2014) ("In other words, to receive attorneys' fees under § 285, a party must demonstrate: (1) it is the prevailing party; and (2) the case is 'exceptional.'"). The Supreme Court has required parties to prove entitlement to fees by a preponderance of the evidence. Octane Fitness, 572 U.S. at 557–58. As such, an entry of judgment against CRI cannot alone make Defendants' case "exceptional," entitling Defendants to attorneys' fees under § 285. See, e.g., Dunhall Pharm., Inc. v. Discus Dental, Inc., 243 F.3d 564 (Fed. Cir. 2000) (affirming "district court's grant of

summary judgment of no infringement and its denial of attorney's fees"); see also Stone Basket Innovations, LLC v. Cook Med. LLC, 892 F.3d 1175, 1178 (Fed. Cir. 2018) (denying attorneys' fees to defendants pursuant to Section 285 because the case was not exceptional, although the court granted plaintiff's motion to dismiss with prejudice).

The United States Supreme Court has identified that the Patent Act fails to define "exceptional," and therefore the term must be construed in accordance with its ordinary meaning. Octane Fitness, 572 U.S. at 553 (citations omitted). "In 1952, when Congress used the word in § 285 (and today, for that matter), '[e]xceptional' meant 'uncommon,' 'rare,' or 'not ordinary.'" Id. (citations omitted). As such, the Supreme Court has held

> that an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

Id. at 554; see also Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc., 226 F. Supp. 3d 520, 533 (W.D.N.C. 2016), aff'd sub nom. Sociedad Espanola De Electromedicina Y Calidad, S.A. v. Blue Ridge X-ray Co., Inc., 721 F. App'x 989 (Fed. Cir. 2018).

This Court, looking to the United States Supreme Court, has identified examples of exceptional cases:

> A "district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." Additionally, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." The Octane Fitness Court suggested district courts consider several "nonexclusive" factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."

LendingTree, 54 F. Supp. 3d at 456 (emphasis added) (quoting Octane Fitness, 572 U.S. at 555; then quoting id.; and then quoting id. at 554 n.6 (citation omitted)).

A district court may decline to award attorneys' fees, as finding a case to be exceptional is in the Court's discretion. Gardco Mfg., Inc. v. Herst Lighting Co., 820 F.2d 1209, 1215 (Fed. Cir. 1987) (noting that "[a]fter the district court determines that a case is exceptional, there remains in every case its freedom to exercise its discretion 'informed by the court's familiarity with the matter in litigation and the interest of justice" (alteration in original) (citation omitted)). Keeping with the Court's ability to exercise its discretion in awarding attorneys' fees pursuant to 35 U.S.C. § 285, this Court's sister court in the Eastern District of North Carolina has stated, "It is the exception and not the rule to award counsel fees in cases of this nature." Davis Harvester Co. v. Long Mfg. Co., 283 F. Supp. 536, 538 (E.D.N.C. 1967) (citations omitted); see also Checkpoint Sys., Inc. v. Knogo Corp., 490 F. Supp. 116, 123 (E.D.N.Y. 1980) (citing Larchmont Eng'g, Inc. v. Toggenburg Ski Ctr., Inc., 444 F.2d 490 (2d Cir. 1971), to note that attorneys' fees awards are "discretionary" and should be used "sparingly").

Here, Defendants contend that CRI engaged in frivolous, unreasonable behavior throughout the course of this lawsuit. (See Doc. No. 237 at 20 ("Plaintiff's conduct demonstrates the zenith of frivolousness, and objective unreasonableness . . . .")). Defendants further assert that CRI's alleged claims in "bad faith" that were "meritless." (See id. at 1, 21). Yet, Defendants' notion of exceptionality hinges on Defendants' theories that CRI filed this lawsuit for an "anticompetitive purpose" rather than to protect its intellectual property, that Defendants had no clear patent infringement theory, that Defendants allegedly offered convincing arguments that the TMT did not infringe the '067 Patent, and that CRI allegedly engaged in improper litigation tactics.

4

The Court acknowledges that there remains a great deal of disagreement between the parties about how each party conducted themselves throughout this litigation. But the Court also does not find that Defendants have offered sufficient evidence to prove by a preponderance of the evidence that this case is exceptional. First, CRI may have been partially motivated to file this suit in order to protect its market share, but CRI also clearly appears motivated by a desire to protect its intellectual property. Second, CRI's infringement arguments throughout this lawsuit have not been "nonsensical" as Defendants allege. On the contrary, CRI's claims required rigorous analysis from this Court as evidenced by the Court's decisions not to resolve the case on earlier Motions for Summary Judgment. (See Doc. Nos. 57 and 99). Third, Defendants have not demonstrated that CRI's patent infringement claims were entirely baseless.

Therefore, this Court, exercising its discretion, finds that this is not a rare case where attorneys' fees and sanctions are merited.

### III.  CONCLUSION

After a careful review of the evidence put forward by Defendants to show that this is an exceptional case, the Court finds that it is not so exceptional in patent law as to merit the rare remedy of awarding attorneys' fees and sanctions. The Court therefore **DENIES** Defendants' Motion for Attorney's Fees. (Doc. No. 235).

**IT IS SO ORDERED**.

Signed: April 7, 2021

Max O. Cogburn Jr
United States District Judge