# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:17-cv-00072-MOC-DSC

| | |
|---|---|
| COMPOSITE RESOURCES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )   ORDER |
| | ) |
| COMBAT MEDICAL SYSTEMS, LLC and | ) |
| ALPHAPOINTE, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on review of Plaintiff's "Opposition to Defendants' Bill of Costs" (#250).

There are two inquiries to awarding a bill of costs: (1) whether the party is the prevailing party, and (2) how much of the costs the party should receive. See Intell. Ventures I LLC v. Cap. One Fin. Corp., No. 1:13CV0740 (AJT/TCB), 2015 WL 7283108, at *6 (E.D. Va. Nov. 17, 2015). Only the prevailing party can recover costs under Rule 54(d) or attorneys' fees pursuant to Section 285. Id. at *2. "Under Rule 54, there is a "presumption in favor of an award of costs to the prevailing party." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994) (citing Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981); Coyne–Delany Co. v. Capital Dev. Bd. of Illinois, 717 F.2d 385, 390 (7th Cir. 1983)). If the Court "feels that aberration from this general rule is appropriate, the court must justify its decision by 'articulating some good reason for doing so.'" Id. (quoting Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990)).

In Teague, the Fourth Circuit affirmed the denial of costs based upon: (1) the losing party's good faith in pursuing their claims, (2) the closeness of the outcome, and (3) the fact that the plaintiffs were of modest means and had fallen victim to another defendant's fraud. See Teague, 35 F. 3d at 996-97. These are the factors applied to review cost applications. See Liberty Mut. Fire Ins. Co. v. JT Walker Industries, Inc., 554 Fed. Appx. 176, 193 (4th Cir. 2014).

While Plaintiff claims that costs are not appropriate under Rule 54, it does not address any of the Teague factors. See Doc. 250, generally.[1] Rather, Plaintiff contends that costs are not appropriate because Defendants are not prevailing parties in this litigation.

"Determination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses." Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005) (citation omitted) (abrogated by Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545 (2014) on other grounds). Brooks is analogous to the case at bar. In Brooks, the court found that the alleged infringer was the prevailing party after summary judgment was entered in its favor on the issue of non-infringement, even though summary judgment on its invalidity claim was denied and its other claims were voluntarily dismissed. See id. at 1380. In affirming the prevailing party ruling, the Federal Circuit wrote:

> [The patentee] accused [the alleged infringer] of infringing its patent and demanded that [the alleged infringer] cease producing the accused chairs....[The alleged infringer] raised several defenses to the charge of patent infringement, any of which would have achieved [its] goal. Thus when [the alleged infringer] established its non-infringement of the [] patent, it prevailed in the litigation. That other defenses, such as invalidity of the patent, were unsuccessful or withdrawn, does not change the outcome in [the alleged infringer's] favor.

---

[1] Even if Plaintiff had addressed the Teague factors, it is clear to the Court that (1) the outcome of the case was not excessively close and (2) that Plaintiff is not of modest means.

Id. at 1381; see also Homeland Housewares, LLC v. Sorensen Research and Development Trust, No. CV 11-3720-GW(JEMx), 2013 WL 12126217 (C.D. Cal. June 27, 2013) (Alleged infringer was the prevailing party because the benefit it sought "was not specifically invalidating the patent, but in establishing that it was not liable for infringement.") (citation omitted).

Finding that a party who establishes non-infringement is a prevailing party, despite losing other claims, is warranted by the "unique nature of the relationships engendered by patent law." Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1183 (Fed. Cir. 1996).

> A patentee receives the right to exclude all others from making, using, or selling the patented invention…A judicial declaration that one is free from another's right to exclude alters the legal relationship between the parties [because the] patentee no longer can enforce his patent against the would-be infringer litigant…The freedom to practice an invention without fear of suit by the patentee is a valuable commercial benefit. By removing the potential threat of the patentee instituting an infringement action, the competitor necessarily alters the patentee's subsequent behavior to his benefit.

Id. (internal citations omitted). That is what happened in this case.

By successfully challenging a patent through either a finding of non-infringement or invalidity, the prevailing party obtains "significant latitude" by "strip[ping]" the patentee of a "competitive edge" and allowing the parties to "play on a more level field." Id. (citation omitted). This is a "court ordered change in the legal relationship" between the parties in Defendants' favor. Caraustar Custom Packaging Grp. (Maryland), Inc. v. Stockart.com, LLC, No. 3:05CV377-MU, 2006 WL 3371679, at *1 (W.D.N.C. Nov. 20, 2006); Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)). Such a change occurred here.

Plaintiff used its patents as a sword in this litigation. Through its claims, Plaintiff was able to prevent Defendants from selling the TMT to the DOD for four years. Defendants' goal was to establish non-infringement and the freedom to sell the TMT. Defendants raised several

defenses, any one of which would have achieved that goal. When Defendants obtained a dismissal as to the '253 Patent and the Court found non-infringement as to the '067 Patent, Defendants prevailed, just as the alleged infringers in Brooks, Manildra, and Homeland prevailed. Defendants procured a "court ordered change in the legal relationship" between the parties in the Defendants' favor. The change in the parties' legal relationship gave Defendants the freedom to sell the TMT without fear of suit and without Plaintiff telling customers the TMT infringes its patents. This was "a valuable commercial benefit" that "necessarily alter[ed] [Plaintiff's] subsequent behavior to [Defendants'] benefit." Manildra, 76 F.3d at 1183. Accordingly, Defendants were the prevailing party.

Next, Plaintiff attempts to object to various line items on Defendants' Bill of Costs, but it seems unclear that such analysis is permissible. However, even if the Court were to engage in the line-item review Plaintiff seeks, Plaintiff's objections to those line items are unconvincing and fail.

Finally, Defendants do not dispute Plaintiff's objection related to a $1,675.50 mathematical error, the $400.00 docketing fee, and the $182.52 service fee for a cancelled deposition. These are Plaintiff's valid objections, and Defendants agrees that those costs should be removed. That leaves a total of $14,988.30 to be awarded.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Opposition to Defendants' Bill of Costs" (#250) is **OVERRULED**. The Clerk is directed to award Defendants' Bill of Costs in the amount of **$14,988.30.**

Signed: April 28, 2021

Max O. Cogburn Jr
United States District Judge